ORDER AFFIRMING DENIAL OF WRIT
Background
¶ 1 This Matter comes before the Fort Peck Court of Appeals on a Notice for Review and Request for Briefing Schedule filed September 14, 2016 by the Tribal Public Defender, Dustin Kuipers, on behalf of Appellant William Venter. The matter was first raised in the lower court on August 31, 2016 when a Writ of Habeas Corpus was filed with that court. The lower court denied the Petition for Habeas Corpus on September 1, 2016.
*438 Statement of Jurisdiction
¶2 Denial of a Writ of Habeas Corpus by a lower court is a final order. The Fort Peck Appellate Court can review final orders from the Fort Peck Tribal Court which are timely filed with this Court. The matter was timely filed. 2 CCOJ § 206. The Jurisdiction of the Court of Appeals is extended to review determinations of the Tribal Court on matters of law, but the Appellate Court shall not set aside factual determinations supported by substantial evidence. 2 CCOJ § 202.
Issue
¶ 3 Is Appellant Venter currently being unjustly imprisoned or otherwise unlawfully deprived of his liberty by the Fort Peck Tribes?
Discussion
¶ 4 Absent proof of restraint by the Fort Peck Tribes, habeas corpus is not an available remedy and further briefing of the issues is not required. A review of the record reflects that the denial of the Habe-as Corpus petition by the lower court was based on evidence, testimony, and documents produced at a hearing the afternoon of September 1, 2016 reflecting that Appellant was not in custody. This challenge is based upon the fact Appellant was arraigned the morning of September 1, 2016 without the arraigning judge first addressing the Writ of Habeas Corpus which had been filed on August 31, 2016. Appellant argues the failure to hear the Writ of Habeas Corpus at the time of his first appearance in the lower court violated his due process rights, even though he was released from custody at the time of arraignment.
¶ 5 As an extraordinary remedy, a Writ of Habeas Corpus can only be used to address situations where a person is unjustly imprisoned or is otherwise being unlawfully detained by the Fort Peck Tribes. 8 CCOJ § 404. By the time the matter was heard by the lower court in the afternoon of September 1, 2016, Appellant was no longer being detained making the issue for the original writ moot.
¶ 6 Although procedurally, the lower court should have specifically addressed the Writ of Habeas Corpus prior to holding the arraignment proceeding, the record reflects that Appellant was released from custody as part of the arraignment process. Given that the same remedy being requested by the Writ of Habeas Corpus was provide to Appellant through the arraignment proceedings, this Court finds that this procedural violation is harmless error in that Appellant was neither unjustly imprisoned nor unlawfully detained at the conclusion of the arraignment proceedings.
¶ 7 Given that Appellant is not currently unjustly imprisoned or otherwise being unlawfully detained by the Fort Peck Tribes and was not unjustly imprisoned or is otherwise being unlawfully detained by the Fort Peck Tribes at the time the lower court denied the Writ of Habeas Corpus, there is nothing in the record supporting a Writ of Habeas Corpus either now or at the time the hearing on the matter was held. This issue is moot since the only remedy available to Appellant was already granted at the time he was arraigned.
Conclusion
¶8 Based on the above findings, this Court AFFIRMS the lower court’s denial of the Writ of Habeas Corpus.
SO ORDERED.